**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JERRY M. ROBINSON,
Trustee,**

      **Plaintiff,**

**-vs-**              Case No. 6:08-cv-1485-Orl-35DAB

**CITY OF LAKE HELEN, FLORIDA,
NANCY WILSON,**

      **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT CITY OF LAKE HELEN'S AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 20)
>
> **FILED:** March 4, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff, trustee, is suing the City of Lake Helen (the "City") and the City Clerk for issues arising from rezoning of the trust's land by the City. Doc. No. 2. On December 18, 2008 the City propounded Interrogatories and Requests for Production on the Plaintiff. Plaintiff's responses were due on or before January 20, 2009. Doc. No. 20-2, 20-3. Plaintiff failed to timely provide responses or seek an extension to respond to the City's propounded discovery requests. Although the City filed this Motion to Compel on March 4, 2009, Plaintiff has not filed a response.

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. *S.L. Sakansky & Associates, Inc. v. Allied American Adjusting Co. of Florida*, LLC, No. 3:05cv708-32MCR, 2007 WL 2010860, *1 (M.D. Fla. Jul. 6, 2007). Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Rule 33 of the Federal Rules of Civil Procedure allows any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b). The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979).

Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.*

at 352.  Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence.  *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974).  Rule 26 restricts the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter.  *Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685, 687 (S.D. Fla. 2007).  In this case, the City 's interrogatories relate to Plaintiff's damages, statements against interest by the parties, potential witnesses, and participation in other litigation.  Doc. No. 20-2.  The Requests for Production relate to diminution in value, rezoning, and appraisals.  Doc. No. 20-3.  All issues raised are relevant to Plaintiff's claims in the case.

The party resisting discovery, the Plaintiff in this case, bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome.  *See* FED.R.CIV.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle,* 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").  Despite having the opportunity to do so, Plaintiff did not file a response to the Motion to Compel.

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Plaintiff shall respond under oath to the City's Interrogatories and Requests for Production by April 10, 2009.  Plaintiff is admonished that failure to comply with this Order may result in imposition of sanctions that could include dismissal of this action.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record